UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

UNITED STATES OF AMERICA,

                                                 **ORDER**
        - against -                      20-CR-582 (MKB)

RAZA SIKANDAR,

                Defendant.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Defendant Raza Sikandar was arrested on November 18, 2020, ordered detained on December 7, 2020, and indicted on December 18, 2020, for misuse of a passport and aggravated identity theft in violation of 18 U.S.C. §§ 1544 and 1028A, respectively. (Order of Detention, Docket Entry No. 5; Indictment 1–2, Docket Entry No. 8.) On December 30, 2020, Sikandar pled not guilty to both charges and proposed a bail application to be co-signed by his mother, who is not legally employed. (Order dated Dec. 30, 2020; Tr. of Proceedings ("Tr.") 3:19, 6:4–6:22.) Finding the proposed application insufficient to assure Sikandar's return to court, the Court denied it without prejudice to renewal. (Tr. 15:15–15:17, 16:15–16:18.) Subsequently, Sikandar's brother, Dr. Billal Sikandar, indicated that he is willing to serve as a second suretor on a proposed bond, and Sikandar renewed his bail application. (Def.'s Renewed Mot. for Bond, Docket Entry No. 10.) The government opposes the application, arguing that Sikandar poses a strong flight risk and that no bail package will reasonably assure his appearance. (Gov't Opp'n to Def.'s Mot. ("Gov't Opp'n"), Docket Entry No. 11.)

For the reasons below, the Court denies Sikandar's motion.

## I. Background

In 2016, Sikandar left the United States and travelled to the Czech Republic, where he obtained an attorney's license under an alias. (Criminal Compl. ¶ 2, Docket Entry No. 1.) In early 2020, U.S. citizen John Doe retained Sikandar's services to assist John Doe in gaining residency in the Czech Republic, for which purpose he provided Sikandar with his U.S. passport. (*Id.*) On November 18, 2020, Sikandar instead used John Doe's passport to return to the United States, presenting it as his own at the airport. (*Id.* ¶ 3.) When questioned, Sikandar was unable to verify any of John Doe's information and was taken into custody, where a fingerprint match revealed not only his identity but also the existence of an open warrant for his arrest. (*Id.* ¶¶ 3–4.)

Following Sikandar's arrest, Magistrate Judge Roanne L. Mann identified him as a flight risk and ordered his detention pending trial, citing the fact that he has open warrants in two states for failure to appear and that he was arrested flying into the United States using an alias after being questioned by authorities of the Czech Republic, who were investigating his activities in that country. (Order of Detention.)

At his arraignment, Sikandar pled not guilty to the charges against him and sought release "under whatever bond . . . and under whatever conditions [the Court] thinks is appropriate," (Tr. 6:4–6:10), including "house arrest and an ankle bracelet," (Tr. 7:19–7:21). In support, he argued that, if released, he could assist his family in caring for his disabled father, (Tr. 6:23–7:18), that most of his criminal history has been nonviolent, (Tr. 7:22–8:4), that the charges in this case are not very serious in nature, (Tr. 8:5–8:17), that his bronchitis, history of pneumonia, and psoriasis, in combination with the conditions at the Metropolitan Detention Center (the "MDC"), place him

at heightened risk of contracting COVID-19 while in custody, (Tr. 8:18–10:25), and that he has mental health issues, (Tr. 9:10–9:13).

The government opposed Sikandar's motion, arguing that his family ties are weak because he stole his brother's passport and identity when he fled the United States in 2016 and because he has been in Europe ever since, (Tr. 12:7–13:5), that he has a lengthy criminal record involving numerous instances of fraud, deception, and failure to appear, resulting in several bench warrants, (Tr. 11:21–12:11), that he was arrested in this case while fleeing from the Czech Republic authorities for posing as an attorney, (Tr. 13:6–13:21), and that he is relatively young and his medical records do not reflect increased vulnerability to COVID-19, (Tr. 14:1–14:20).

After hearing from the parties, the Court noted that while the nature and circumstances of the crimes charged are nonviolent, the weight of the evidence against Sikandar is strong and his criminal history is extensive. (Tr. 15:17–16:5.) Concluding that Sikandar "presents a risk of flight not only because . . . he fled the United States four years ago" but also because of "the outstanding bench warrant[s]" for his arrest,[1] (Tr. 16:7–16:9), the Court found his proposed bail package and suretor insufficient to assure his return to Court and denied his application without prejudice to renewal, (Tr. 15:14–15:17).

Following the hearing, Sikandar renewed his application upon learning that his brother is willing to serve as a second suretor on a proposed bond and to secure the bond with his house, which has a present value of $258,000. (Def.'s Renewed Mot. for Bond; Suppl. to Def.'s Renewed Mot., Docket Entry No 12.) The government opposes the motion, arguing that Sikandar's new proposal does not mitigate the flight risk he presents. (Gov't Opp'n 1.)

---

[1] While Sikandar argues that he could assist his family if released, (Tr. 6:23–7:18), authorities from at least one state with a warrant for his arrest have indicated that they would extradite him if he is granted bail in this case, (Gov't Opp'n 6 n.1).

3

**II. Discussion**

The Bail Reform Act requires a court to order the pre-trial detention of a defendant if, after a hearing, the judge "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *United States v. Mattis*, 963 F.3d 285, 290 (2d Cir. 2020) (quoting 18 U.S.C. § 3142(e)(1)). In making its determination, the court must consider the following factors set forth in 18 U.S.C. § 3142(g):

> (1) the nature and the circumstances of the offense charged . . . ;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including [his] character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and . . .
>
> (4) the nature and seriousness of the danger to any person or to the community that would be posed by the person's release.

*United States v. Kelly*, No. 20-1720, 2020 WL 7019289, at *1 (2d Cir. 2020) (quoting *Mattis*, 963 F.3d at 291). A finding that the defendant presents a flight risk must be supported by a preponderance of the evidence, *United States v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007), and a finding that the defendant is dangerous must be supported by clear and convincing evidence, *United States v. Ferranti*, 66 F.3d 540, 542 (2d Cir. 1995). In the pretrial context, the government bears the burden of showing that the defendant should be detained, *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001), and it "may proceed by proffer," *Ferranti*, 66 F.3d at 542; *see also United States v. Abuhamra*, 389 F.3d 309, 320 n.7 (2d Cir. 2004).

A bail hearing "may be reopened . . . at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a

4

material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2)(B); *United States v. Blanco*, 570 F. App'x 76, 78 (2d Cir. 2014); *United States v. Schwamborn*, 249 F. App'x 906, 907 (2d Cir. 2007). "A court may also revisit its own decision pursuant to its inherent authority, even where the circumstances do not match [this] statutory text." *United States v. Maxwell*, No. 20-CR-330, 2020 WL 7866320, at *2 (S.D.N.Y. Dec. 30, 2020) (first citing *United States v. Rowe*, No. 02-CR-756, 2003 WL 21196846, at *1 (S.D.N.Y. May 21, 2003); and then citing *United States v. Petrov*, No. 15-CR-66, 2015 WL 11022886, at *3 (S.D.N.Y. Mar. 26, 2015)).

As the government has argued and the Court has noted, despite the nonviolent nature of Sikandar's current and past crimes, the evidence against him is strong, and his criminal history is extensive, including approximately fifteen convictions for the same types of crimes in Maryland and Virginia. (Tr. 14:20–15:4, 15:17–15:25; Gov't Opp'n 5–6.) In addition, Sikandar has a significant history of failing to appear at court appearances and fleeing prosecution, including in 2016 when he used his brother's passport to travel to Europe in avoidance of warrants for his arrest and more recently when he used John Doe's passport to flee the Czech Republic authorities and return to the United States. (Gov't Opp'n 4.) Therefore, although the same brother is now willing to secure Sikandar's bail package, the evidence suggests that this will be insufficient to mitigate the flight risk Sikandar presents, and he has offered no new evidence or arguments to alter the Court's conclusion that no conditions will reasonably assure his appearance. Accordingly, the Court denies the motion. *See Blanco*, 570 F. App'x at 77–78 (affirming bail denial based on flight risk despite the defendant's strong family ties, substantial bail package, the nonviolent nature of his crime, and his amenability to electronic surveillance

5

where, among other things, his criminal history revealed "repeated failures to appear in court, resulting in the issuance of four bench warrants"); *Maxwell*, 2020 WL 7866320, at *7 (denying renewed bond motion despite substantially larger bail package, additional bail conditions, and impact of COVID-19 on the conditions of confinement where, among other things, the defendant had international ties and experience avoiding detection).

### III. Conclusion

For the reasons explained above, the Court denies Sikandar's renewed application for release without prejudice to renewal.

Dated: January 25, 2021
       Brooklyn, New York

SO ORDERED:

       s/ MKB
MARGO K. BRODIE
United States District Judge