# JOHN S. WALLENSTEIN
Attorney at Law
1100 Franklin Avenue
Garden City, New York 11530
(516) 742-5600  Fax (516)742-5040
email: jswallensteinesq@outlook.com

June 3, 2021

**VIA ECF**
Hon. Margo K. Brodie
Chief United States District Judge
United States District Court, EDNY
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Raza Sikandar
            Indictment # 20 CR 582 (MKB)

Dear Chief Judge Brodie;

     I represent the defendant Raza Sikandar in the above noted matter, which is scheduled for a status conference before you on June 25, 2021. Mr. Sikandar has been detained, Your Honor having found that there were no conditions which would assure the Court of his appearance as required. (Order denying bail, ECF # 13) The Court's denial of bail was without prejudice to renewal, and we respectfully submit that, as detailed below, there are additional conditions which will reasonably assure the Court of the defendant's compliance, and thus support his release. We therefore respectfully request that the Court reopen the hearing and reconsider the decision to deny bail.

     We note that Mr. Sikandar suffers from a variety of medical conditions, including serious respiratory issues and a compromised immune system. He is awaiting surgery for a clavicle repair, and when I visited with him at MDC yesterday his left arm was in a sling. Although he is vaccinated, his immunocompromised condition renders the vaccine less effective and leaves him vulnerable to the COVID-19 virus, a vulnerability exacerbated by the conditions at MDC, of which the Court is well aware.

     The COVID-19 crisis has severely hampered the ability of defendants like Mr. Sikandar in their efforts to have access to discovery, the law library, and legal visits, all in derogation of their rights to the effective assistance of counsel under the Sixth Amendment. Release on appropriate conditions eliminates these issues and allows Mr. Sikandar to have unfettered access to counsel and other legal resources, so that he may defend himself to the fullest extent possible.

# JOHN S. WALLENSTEIN
**Attorney at Law**

Hon. Margo K. Brodie
June 3, 2021
Page Two
20 CR 582(MKB)

On December 30, 2020, Sikandar's then attorney, Assistant Federal Defender Douglas G. Morris, Esq., made an application for bail at the arraignment before Magistrate Judge Mann, in which he detailed the defendant's medical issues and proposed conditions of release. Judge Mann rejected the arguments, and Mr. Morris later made a renewed application to Your Honor (ECF # 10) that same day, in which he proposed an additional suretor and a house. Your Honor has already reviewed the transcript of the proceedings before Judge Mann and cited to it in the Order, so I will not repeat the arguments made therein, but respectfully incorporate them here by reference. The original bail proposal was for a bond signed by the defendant's mother; that was later amended and renewed to include the signature of the defendant's brother, Dr. Billal Sikandar, and the posting of his house in Bowie, Maryland as security. We now propose an additional suretor and a second home to be security for a bond, in addition to the original proposal.

The defendant's father, Dr. Syed Hasan Sikandar, who is a retired microbiologist, will co-sign the bond, along with his wife, Rehana Sikandar and his son Billal. Dr. and Mrs. Sikandar reside in Lanham, Maryland, and will secure the bond with their home, which has a market value of approximately $435,000 with no mortgage or other encumbrance.[1] Dr. Billal Sikandar's home is in Bowie, Maryland and the details previously been provided to the Cout and the government.

In addition, we propose that the defendant reside at his parents' home, in home detention and subject to such additional conditions as the Court deems appropriate, including GPS location monitoring and daily reporting to PreTrial Services. He would leave the residence only for court appearances, and his family has agreed to provide transportation to and from the Court by car. We propose that he also be permitted to leave for medical treatment, provided that any such treatment is verified in advance by PreTrial and that he is escorted to and from the location. Meetings with counsel can be conducted by videoconference, and when in person meetings are necessary, we will seek prior approval from PreTrial and the Court, again with escorts. Travel would be restricted to the District of Maryland and EDNY, except for direct travel from his home to the Courthouse.

---

[1] The address will be provided to the Court and the Government, but not noted here to avoid having home addresses published on ECF in contravention of current rules.

# JOHN S. WALLENSTEIN
**Attorney at Law**

The Government's position remains the same, *i.e.* that the defendant should be detained until trial. However, the default position of the Bail Reform Act is release on conditions, with pretrial detention to be the exception. In this case, we respectfully submit that the additional conditions proposed herein will be sufficient to assure the defendant's return to court when required, and alleviate the risk of flight. With the posting of two houses as security, and the moral suasion of his parents' and brother's financial security at stake, these conditions are sufficient to reasonably assure the defendant's appearance in Court and compliance with any other conditions of release.

Therefore, we respectfully urge the Court to reconsider the earlier determination, and order Mr. Sikandar released on the proposed conditions, and any additional conditions the Court deems appropriate. I am available for a hearing at the Court's convenience if Your Honor deems such to be necessary, and the suretors are available as well, by remote connection from their homes in Maryland.

Thank you for your courtesy and consideration.

Respectfully yours,

**/s/ JOHN S. WALLENSTEIN**

JOHN S. WALLENSTEIN

JSW/hs

cc: AUSA Andrew Wenzel (by ECF)
    Raza Sikandar (by mail)