# JOHN S. WALLENSTEIN
### Attorney at Law
1100 Franklin Avenue, Suite 305
Garden City, New York 11530
(516) 742-5600 fax (516) 742-5040
Email: JSWallensteinEsq@outlook.com

October 13, 2021

**BY ECF**
Hon. Margo K. Brodie
Chief United States District Judge, EDNY
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:   United States v. Raza Sikandar
            20 CR 582 (MKB)

Dear Chief Judge Brodie;

This letter memorandum is respectfully submitted in opposition to the Government's Motion in Limine, ECF # 36, which requests that the Court rule on the admissibility of certain specified evidence in advance of trial. The Government seeks the admission of six categories of evidence, and seeks to preclude the defense from offering evidence with respect to the affirmative defense of duress. For the reasons set forth below, the Court should deny the motion in significant part, but we concede that certain of the Government's requests may be granted.

We respectfully suggest that the Court may wish to conduct oral argument if further clarification is necessary.

## LEGAL STANDARDS

The Government correctly identifies the governing Federal Rules of Evidence with which this application is concerned, specifically Rules 401, 402, 403 and 404(b). As discussed below, for the majority of the evidence and testimony the government seeks to adduce, application of the provisions of Rule 403 concerning unfair prejudice and cumulative evidence results in the probative value of the evidence, even if the Court finds it relevant, being far outweighed by the prejudicial effect, thus supporting the defendant's position that the evidence is inadmissible.

**TESTIMONY OF J.E.**

The testimony of J.E., whose passport was allegedly used by Sikandar, is clearly admissible in certain respects. However, the defense objects to the admission of speculative and prejudicial testimony from J.E. regarding what he learned from others (see Gov't. MIL p. 8) because such testimony could only have been derived from hearsay information. It is, moreover, highly speculative and prejudicial in that it potentially accuses Sikandar of committing additional crimes without any factual basis. Because it is not relevant to the charged crimes, such evidence can only be admitted under the auspices of Rule 404(b), as "other crimes" evidence, which is then subject to a Rule 403 analysis. Under such an analysis, the prejudicial value of evidence of unrelated fraudulent conduct (even if otherwise admissible) far

outweighs the probative value and therefore runs afoul of Rule 403, and should not be admitted.

**TESTIMONY RELATED TO PRIOR CRIMES**

The Government's motion to admit the testimony of the defendant's Maryland Probation Officer, purportedly for the purpose of affirming the defendant's identity as Raza Sikandar, should be denied. Although they propose to introduce this testimony to establish the identity of Sikandar, it is clear from the proffer that this evidence is intended only to make the jury aware of the defendant's criminal background and therefore to conclude that he has the propensity to commit crimes (specifically frauds). Subjecting the proposed evidence to analysis under Rule 403, it is blatantly obvious that this evidence fails the balancing test because it is cumulative, and unfairly prejudicial, while simultaneously lacking in probative value.

It is true that in order to establish that the defendant misused a passport and committed aggravated identity theft, the government needs to prove that the defendant is Raza Sikandar and not J.E., but this objective can be accomplished through the testimony of witnesses the Government already intends to call. The Government plans to introduce J.E. to testify that he is himself, and that he is not Sikandar. They also say that J.E. will testify that he and Sikandar were friends and

3

did business together, and that they know each other. What better evidence of the true ownership of the passport? Coupled with the testimony of the CBP officers who encountered and interviewed the defendant at JFK, and the proposed testimony of the defendant's own brother, Shuja Sikandar, the Government may be able to meet its burden of proof, if the evidence offered through those witnesses is believed. The testimony of the Probation Officer is unnecessary, cumulative, and unduly prejudicial.

**EVIDENCE OF DEFENDANT'S PRIOR ARRESTS**

The Government proposes the introduction of the defendant's fingerprints and arrest photos from 2009, through the testimony of arresting officers, allegedly to have the jury compare the 12 year old photographs with the defendant in the courtroom, in order to establish his identity. It is difficult to think of less relevant and probative evidence of the identity of the defendant in 2020. How could this evidence be anything but a very thinly disguised effort to show the jury that Sikandar has a propensity to commit crimes? Both the testimony of the officers and the physical fingerprint evidence should be precluded.

**EVIDENCE OF DEFENDANT'S PRESENCE ON "MOST WANTED" LIST**

Evidence of the defendant's placement on the Fauquier County "Most Wanted" list is inadmissible under any theory. First, it is not relevant to any issue

4

before this Court, and thus does not meet the requirements of F.R.E. 401. Although the government alleges that they seek the introduction of the evidence to provide a "motive" for Sikandar's use of J.E.'s passport, and seek to establish relevance thereby, they do not need to prove motive to obtain a conviction in this case. Even if the government can prove that the list existed and the defendant was highlighted on it, they cannot prove that the defendant knew that the list existed or, even if he did, that he had ever seen it, much less acted because of it.

Assuming *arguendo* that the government gets over the relevance hurdle, the prejudicial effect of such evidence far outweighs the minimal probative value. Regardless of how the government tries to dress this up, it is evidence meant to establish that the defendant has a criminal history and a propensity to commit further crimes, and is thus inadmissible under Rules 404(b) and 403.

**TESTIMONY OF DEFENDANT'S BROTHER**

The government seeks to offer the testimony of the defendant's brother Shuja to identify him as Raza Sikandar and not J.E. Insofar as that is the testimony, it is clearly admissible, and we do not oppose its introduction. However, the proposal to have Shuja testify about the defendant's obtaining a passport using Shuja's identity and using that passport is clearly violative of Rule 403's prohibition on prejudicial evidence. The government claims that this proof will be "relevant to proving the

defendant knowingly and intentionally stole J.E.'s passport", but it is obvious that it's true purpose would be to establish that the defendant is prone to committing fraud, and in particular passport fraud. As with the other evidence of prior crimes, this testimony would fail the test of unfair prejudice under Rule 403.

**TESTIMONY OF A HONEYWELL REPRESENTATIVE**

The Government's proffer regarding the proposed testimony of representatives of Honeywell clearly shows that they intend this evidence to further bolster their position that Sikandar is someone who spent his life committing fraud. The purported reason for this testimony, that the Honeywell representative could say that the defendant was not known as J.E., is cumulative; they will have the testimony of J.E. himself, Sikandar's brother Shuja, and CBP officers to establish identity. It is also unduly prejudicial, because his employment at Honeywell is unrelated to the crimes charged and is not even offered as a motive for them. It is offered simply to establish that Sikandar committed other frauds while in the Czech Republic. It should be excluded.

**PROOF OF DEFENDANT'S INTENT**

The government is correct that they must prove that the defendant acted intentionally, but the scenarios they envision (Govt MIL p.13) are pure speculation with no basis in fact. Their assertion that they need to show that Sikandar was

committing additional frauds or had done so in the past in order to prove that he intended to use J.E.'s passport is simply too far-fetched to be plausible, and has no value except to show that the defendant has a propensity to commit frauds. Their reliance on *United States v. Roberts-Rahim,* 2015 U.S.Dist.LEXIS 143827 (EDNY, 2015) is misplaced. In that case, the driver's license was clearly intertwined with the false passport because it was used to obtain the passport; that is far different from an unrelated fraud or a historical criminal record. In this case, the government asserts that Sikandar stole J.E.'s passport and used it, not that he used J.E.'s identity to obtain a passport for himself. That is a qualitative difference. In addition, the District Court in *Roberts-Rahim* found that the defendant had waived any argument related to the driver's license issue by failing to object; that is not the case here.

It is apparent that the Government is seeking to introduce evidence to show the defendant's propensity to commit crimes, especially frauds, in spite of their assertion that such is not the reason. For instance, the government argues that "that the defendant has warrants and committed similar acts of fraud is essential to proving his intent to commit the charged crimes." (Govt MIL p.14) They argue that this proffered testimony is "no more sensational or prejudicial than the charged crimes" but the comparison is irrelevant. The other frauds they seek to establish may not be

more "sensational", but they are surely unfairly prejudicial, and not at all necessary to proving that the defendant misused a passport or stole J.E.'s identity

**THE COURT SHOULD EXCLUDE THE PROFFERED EVIDENCE**

Even assuming, *arguendo*, that the evidence discussed above is relevant for some purpose other than to show the defendant's propensity to commit crimes, this Court has the authority to exclude the proof. Rule 403 provides that the Court may prohibit the introduction of otherwise relevant evidence "if the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *F.R.E. 403.*

Here, the evidence the government seeks to introduce, as discussed above, is highly prejudicial. Recognizing that all evidence against a defendant is prejudicial in some respects, it is the spectre of "unfair prejudice" which is most concerning. The government's application, if granted, would allow the introduction of evidence that creates the very risk that Rule 404(b) is designed to protect against: that the jury will find Sikandar guilty of the crimes charged because evidence of uncharged crimes and prior bad acts and crimes convinces them that he is a person predisposed to committing fraud and related crimes. The probative value of this evidence, above and beyond the direct evidence of witnesses who interacted with Sikandar during

this incident, is easily outweighed by the potential for unfair prejudice, and is needlessly cumulative and a waste of time and resources. The evidence should be excluded.

**A LIMITING INSTRUCTION IS APPROPRIATE**

While we clearly contend that the Court must exclude the evidence proffered by the government, to the extent noted herein, we recognize that the Court may not agree. In the event that the Court grants the government's motion, we respectfully request that the Court provide appropriate limiting instructions to the jury, in the opening instructions, at the time of the introduction of the evidence, and in the full charge at the close of the case.

**CONCLUSION**

For the reasons noted herein, the defendant respectfully requests that the Court deny the Government's motion *in limine* to the extent set forth herein.

DATED: GARDEN CITY, NEW YORK
October 13, 2021

            Respectfully submitted,

            *John S. Wallenstein*
            JOHN S. WALLENSTEIN
            Attorney for Defendant Sikandar

To: AUSA Andrew Wenzel (by ECF and Email)