

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

APW:dtt
F. #2020R01125

*610 Federal Plaza*
*Central Islip, New York 11722*

October 18, 2021

By Electronic Delivery and ECF

John S. Wallenstein, Esq.
1100 Franklin Avenue
Garden City, New York 11530

    Re: United States v. Raza Sikandar
      Criminal Docket No. 20-CR-582(MKB)

Dear Mr. Wallenstein:

  Enclosed please find the government's discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure. The government also requests reciprocal discovery from the defendant.

I. The Government's Discovery

  A. Documents and Tangible Objects

  Documents concerning the defendant from the Maryland Department of Parole and Probation; bates-numbered RS000913 – RS001155; and

  Documents concerning the Defendant from the Virginia Department of Corrections; bates-numbered RS001156 – RS001160.

  You may examine the physical evidence discoverable under Rule 16, including original documents, by calling me to arrange a mutually convenient time.

  B. Expert Witnesses

  The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

  At present, the government intends to call a fingerprint expert Kevin Fitzgerald from the Department of Homeland Security to testify that the fingerprints taken from the defendant on the date of his arrest match fingerprints taken in connection with his prior arrests.

II.     The Defendant's Required Disclosures

The government hereby once again requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure.  <u>Although the defendant has indicated that he intends to present a defense of duress, the defendant has not yet produced any items he intends to introduce on his case</u>.

The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify.  <u>See</u> Fed. R. Crim. P. 26.2.  In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.  The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.2 and 12.3, the government hereby demands written notice of the defendant's intention, if any, to of expert evidence of a mental condition or the actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

        Very truly yours,

        BREON PEACE
        United States Attorney

By:     /s/ Andrew P. Wenzel
        Andrew P. Wenzel
        Assistant U.S. Attorney
        (631) 715-7832

Enclosures
cc:     Clerk of the Court (MKB) (by ECF) (without enclosures)