

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

NB: APW
F. #2020R00832

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 16, 2022

By E-mail and ECF

The Honorable Margo K. Brodie
Chief United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: United States v. Sikandar
      Criminal Docket No. 20-CR-582 (MKB)

Dear Chief Judge Brodie:

  The government respectfully writes to address defense counsel's letter, dated September 9, 2022, in which he advises that the defendant, Raza Sikandar, intends to proceed to sentencing pro se and requests that the Court conduct a Faretta hearing to advise the defendant of the risks of proceeding pro se. See ECF No.

  As the court is aware, on November 17, 2021, the defendant, while represented by defense counsel John Wallenstein ("Mr. Wallenstein"), pled guilty before this court to the indictment, which charged both Misuse of a Passport, in violation of Title 18, United States Code, Section 1544, and Aggravated Identity Theft, in violation of Title 18, United States Code Section 1028A.[1]

  Sentencing was originally set for April 29, 2022, but was adjourned to June 30, 2022, after the defense indicated to the Court that the Metropolitan Detention Center refused to provide the defendant with his PSR. Next, the defendant's sentencing date was then adjourned until September 1, 2022, after defense counsel indicated he needed more time to address additional issues relevant to sentencing.

  On September 1, 2022, after defense counsel and the government submitted lengthy sentencing memos, all parties appeared for the defendant's sentencing. However, the

---

[1] Mr. Wallenstein is the defendant's third appointed attorney.

sentencing did not occur, as during the court appearance the defendant, among other things, initially indicated that he was dissatisfied with defense counsel. During the same appearance the defendant changed his mind and stated that he wanted to proceed to sentencing with his current defense counsel, Mr. Wallenstein. After the court further questioned the defendant, the defendant indicated that he and Mr. Wallenstein disagreed on whether certain arguments relevant to his sentencing should be made to the court during the sentencing hearing. The Court adjourned the sentencing to October 28, 2022 so that the defendant and his counsel could confer.

Now, as described above, on September 9, 2022, defense counsel filed the aforementioned letter stating that the defendant wished to proceed to sentence pro se, disagreed with much of counsel's analysis, wanted a mitigation expert appointed, and wished to "relitigate the entire case, as well as his life before arrest." Notably, the defendant has never indicated that he wished to withdraw his guilty plea.

The government disagrees that the defendant has an absolute right to proceed pro se at sentencing. The Second Circuit has repeatedly commented that the right of a defendant to proceed pro se is "sharply curtailed" after a trial has begun. In United States v. Stevens, the Court wrote:

> After a trial has begun, a criminal defendant's right to represent himself "is sharply curtailed. A district court considering such a request "must weigh 'the prejudice to the legitimate interests of the defendant' against the 'potential disruption of proceedings already in progress.'" *Id.* (quoting United States ex rel. Maldonado v. Denno, 348 F.2d 12, 15 (2d Cir. 1965)). In weighing the prejudice to the legitimate interests of the defendant, the court should consider "the defendant's reasons for the self-representation request, the quality of counsel representing the party, and the party's prior proclivity to substitute counsel." United States v. Matsushita, 794 F.2d 46, 51 (2d Cir. 1986).

Additionally, the Circuit has noted that a court may deny a defendant's application to proceed pro se, if it determines that a defendant's request is "simply a disruptive tactic, as opposed to a legitimate request." United States v. Matsushita, 794 F.2d. 46 (2d Cir 1986).

As such, given the defendant's dilatory tactics, the government does not concede that the defendant has an absolute right to proceed to sentencing pro se. In an abundance of caution, the government will consent to one additional court appearance for the defendant to inform the court if he truly wishes to proceed pro se, and for the court to examine whether this request is a legitimate request or a disruptive tactic. At this appearance the government requests that the Court advise the defendant of the risks of proceeding pro se.

Lastly, the government opposes any additionally requests to adjourn the current sentencing date of October 28, 2022. This defendant pled guilty almost a year ago and has ample time to prepare for sentencing, which has already been adjourned three times.

2

Both parties have filed lengthy submissions outlining, in detail, their sentencing positions. In the government's view, the current sentencing date should remain.

The undersigned is scheduled to begin trial in Central Islip on September 26 that will likely last until October 14 so respectfully requests that those dates be avoided.

Respectfully submitted,

BREON PEACE
United States Attorney

By: _____/s/_____
Andrew P. Wenzel
Assistant U.S. Attorney
(718) 887-1294

cc: All Counsel of Record (by ECF)